Filed 7/21/2017 11:01 AM
Debra Johnson, District Clerk
Panola County, Texas
By: Joanna Terral,
Deputy Clerk
2017-201

| | | |
|---|---|---|
| **ANDREW NOLEN,**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **VS.** | §<br>§ | **PANOLA COUNTY, TEXAS** |
| **CIRCLE 8 CRANE SERVICES,**<br>**Defendant.** | §<br>§<br>§ | **123RD JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, ANDREW NOLAN, and files this Original Petition and Request for Disclosure against Defendant, CIRCLE 8 CRANE SERVICES and alleges the following:

### A.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 and affirmatively pleads that this suit is not governed by the expedited actions process.

### B. RELIEF

2.    Plaintiff seeks damages between $100,000 and $200,000.

### C. PARTIES

3.    Plaintiff, **ANDREW NOLAN**, is an individual currently residing in Rapides Parish, Louisiana at 5715 Skylark Dr. Alexandria, Louisiana 71303.

4.    Defendant, **Circle 8 Crane Services, LLC** is a Foreign Limited Liability Company in the State of Texas organizing and existing under the laws in the State of Texas, Defendant's principal place of business is Houston, Texas.  Defendant may be served with citation by certified mail return receipt requested to Registered Agent Phillip L. Bryson 3174 County Road 48, Robstown, Texas 78380.

### D. JURISDICTION

5.    The Court has jurisdiction over the Defendant because these claims are arising during the course of employment in the State of Texas and damages are within the jurisdictional limits of the Court.

## E. VENUE

6.      Venue is proper in Panola County, Texas pursuant to 15.002(a) 1 in that all or a substantial part of the events, or omissions giving rise to the claim occurred in Panola County. Additionally, Plaintiff believes that decisions regarding his termination and retaliation were made by Defendant's office in Panola County.

## F. FACTS

7.      On or about November 2011 Mr. Nolan was hired by Defendant to work as a crane operator in the Carthage Texas area.   On or about April 11, 2017, Circle 8 enacted a policy requiring all operators to shave their facial hair ("Policy").  By text message, Plaintiff was told "effective immediately Circle 8 Policy, all field personnel must be CLEAN SHAVEN. No facial hair below corner of the mouth".  The policy was not immediately enforced.

8.      On or about May 1, 2017 Mr. Nolan informed his supervisor, Mr. Gibson (an employee of Defendant) that he objected to the policy due to religious beliefs.  The supervisor responded by writing "you ain't got no religion…".

9.      Mr. Nolan had previously been harassed and made fun of because of his identification as an Orthodox Christian.  Mr. Nolan mentioned to the direct supervisor and the district manager of Defendant that he would bring a doctor's note if required to shave.

10.     As noted, Circle 8 did not enforce the policy right away.  Plaintiff and others had beards on May 11, 2016.  On that day, Josh Harris, the district manager for Defendant informed Mr. Nolan and other crane operators that they would be discharged if they returned to work without shaving their beards.  Mr. Nolan informed Harris that he would shave before returning to work, over his religious objections, because he was not willing to lose his job.  Mr. Nolan also advised Mr. Harris that he would bring a complaint regarding this policy to Court.  Plaintiff Nolan was fired that day, after he left work because Harris determined or claimed that Nolan refused to shave his beard.

11.     At least one (1) other employee voiced complaints about the policy, but not on religious grounds. That employee was not terminated due to his complaints.

## G. CAUSE OF ACTION

12.     The Defendant's conduct violates the Texas Labor Code Chapter 21 et seq, including 21.051 and 21.055, which prohibits harassment, a hostile work environment, termination

and retaliation against an individual based on religion or who opposes a discriminatory practice or engages in other activity protected under the Human Rights Act. Plaintiff, therefore, sues for the above-referenced causes of action.

13. Additionally, Defendant has violated Plaintiff's rights under Title VII, in the manners set forth above and also below.

14. Plaintiff timely filed a charge of discrimination in response to the discrimination suffered. He received a Right to Sue letter from the Texas Workforce Commission, Civil Rights Division and timely files this lawsuit to vindicate his rights.

15. The discrimination against Plaintiff culminated in Plaintiff's wrongful termination based upon his religion. The termination was also in retaliation for Plaintiff voiced his complaints. Plaintiff, therefore, also sues for wrongful retaliation and for his wrongful and retaliatory termination.

## H. DAMAGES

16. Pursuant to Title VII of the Civil Rights Act of 1964 as amended, and Texas Labor Code §21.2585, and other applicable statutes, Plaintiff herein prays for compensatory damages for past lost wages and benefits up to the time of trial, future pecuniary losses or front pay, reinstatement, past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other past and future nonpecuniary losses. Plaintiff requests an additional amount in attorneys' fees and all expenses, to be set by the court, pursuant to statute.

17. Additionally, Plaintiff would show that the acts of Defendant were made with malice or with reckless indifference to the federal and state protected rights of Plaintiff; and as

such, Defendant is liable for exemplary or punitive damages, in an amount to be set by the jury. Plaintiff believes that a jury, rather than he, should put a dollar value on all these compensatory and exemplary damages after it hears the evidence; with the exception of attorney's fees, costs and expenses.

The Plaintiff asks this Court to grant the following relief:

    a.  A judgment against the Defendant for actual damages;

    b.  A judgment against the Defendant for compensatory damages;

    c.  A judgment against the Defendant for exemplary damages;

    d.  A judgment against the Defendant for costs of court in this matter;

    e.  A judgment against the Defendant for attorney's fees;

    f.  A judgment against the Defendant for prejudgment interest at the highest rate allowed by law;

    g.  A judgment against the Defendant for post-judgment interest at the highest rate allowed by law; and

    h.  Such other relief, legal or equitable, as may be warranted.

## RULE 194 REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff has and recover judgment of and from Defendant a sum in excess of the minimum jurisdictional amounts of this Court, costs of court, pre-judgment and post-judgment interest which may be authorized by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,
**WELLER, GREEN, TOUPS & TERRELL L.L.P.**
P.O. BOX 350
BEAUMONT, TX 77704-0350
(409) 838-0101
(409) 832-7823 FAX
hartgr@wgttlaw.com

BY: _____
**E. HART GREEN**
STATE BAR NO. 08349290
**ATTORNEY FOR PLAINTIFF**


**JURY DEMAND**

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

BY _____
E. HART GREEN